HATTENDORF et v. CHLOPEK et.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1859. Decided Jan. 12, 1928.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

787. MORTGAGES—719. Liens.

Where stock is placed as security for loan and loan is paid in full, lender not entitled to hold stock for any other purpose.

Appeal from Common Pleas.

Findings approved.

Messrs. Fraser, Hiett, Wall & Effler, Toledo, for Hattendorf.

Silas E. Hurin, Toledo, for Chlopek.

### FULL TEXT

CUSHING, J.

The plaintiffs, on and prior to March 12, 1924, owned the shares of stock in the Toledo Associates Company set forth in the petition opposite their respective names. On said date, they entered into an agreement with Clement F. Souder, by the terms of which they endorsed the stock and delivered it to him, to be by him used as collateral security in addition to a mortgage on certain real estate, for a loan made to him by Anthony J. Chlopek, in the sum of $2,500. When said indebtedness became due, it was not paid, and Chlopek filed an action in the Court of Common Pleas of Lucas County, Ohio, praying for judgment, the foreclosure of the mortgage, and the sale of the stock to satisfy said judgment.

On March 19, 1926, Souder paid Chlopek the $2,500 in question, the interest and the costs of the suit. The mortgage was released and the action dismissed. Chlopek refused to deliver the stock, claiming that he held it as security for $1,000 that he advanced to Souder February 1, 1923.

This action is prosecuted to determine the ownership of the 1794 shares of stock in the Toledo Associates Company; to enjoin Chlopek from selling it; to require the defendants to produce said stock in court, and turn it

over to the plaintiffs as the owners; to enjoin the Toledo Associates Company from transferring said stock on its books to the defendant Anna Chlopek; and for any and all other relief, to which in equity the plaintiffs may be entitled.

The court of common pleas entered judgment for the plaintiffs. This motion is here on appeal.

The facts are: In January, 1923, Souder wrote to Chlopek, stating that he was organizing a community garage. The last paragraph of this letter is:

"For each hundred dollars you put up I will give you two shares common full paid non-assessable stock that will carry with it the same number of shares of the holding company stock, also no par value full paid and non-assessable common stock. This will give you at the rate of $100.00 par per share $4,-000.00 for $1,000.00.

Chlopek advanced the $1,000.00 on February 1, 1923. At that time it was not claimed that it was a loan. When the loan of $2,500.00 was made, more than a year later, the note was given for the amount of that loan, and nothing was said about the $1,000.00. The mortgage did not contain any reference to the $1,000.00; nor does the record justify us in concluding that there was any understanding at the time the stock was delivered as security for the $2,500.00 loan, that it was to be security for said $1,000.00.

Elizabeth Hattendorf owned 575 shares of the stock; Ida M. Hattendorf owned 1,075 shares; Clement F. Souder, Jr., owned 135 shares; and Emma C. Souder was the owner of 7 shares.

The $2,500.00 in question was raised for the purpose of putting on a campaign to sell the stock of the Toledo Associates Company. The note was payable in ninety days.

After the $2,500.00 note was paid, the mortgage released, and the action dismissed, Chlopek, on March 25, 1926, was notified as to the ownership of the stock, and asked to return it, which he refused to do.

Our conclusion from the record is: The stock was pledged as security for the loan of $2,500.00; and, that having been paid, Chlopek is not entitled to hold it for any other purpose.

An entry similar to the one entered in the court of common pleas will be entered here.

(Mills, J., concurs.)